## CIRCUIT COURT OF FAIRFAX COUNTY

Barbara A. Cooley

v.

Mark Bodner

December 22, 2003

*Case Nos. (Chancery) C180467 and C180482*

BY JUDGE MARCUS D. WILLIAMS

This matter is before the Court on Intervener Mary Ann Bright's Motion for Reconsideration of this Court's January 31, 2003, ruling on Petitioner Barbara Cooley's Motion for Summary Judgment,[1] whereby the Court determined as a matter of law that Barbara Cooley was the natural, biological daughter of Patricia Duval. The Court granted the motion in part but denied the request that this Court determine as a matter of law that Barbara Cooley was the sole heir of Patricia Duval's estate.

Intervener Mary Ann Bright maintains two grounds in support of her Motion for Reconsideration. The Intervener also alleges in her motion that David Duval refused to return her retainer fees and expenses after dropping her case and that her subsequent attorney, Robert Test, perpetrated a fraud on this Court by failing to have David Duval removed as the Petitioner's attorney.

First, the Intervener argues that she was not afforded an opportunity to challenge the Petitioner Barbara Cooley's Motion for Summary Judgment because that motion was granted on the very day that she was granted leave to intervene in the suit. The Intervener states that she would have requested an order compelling Nancy Cooley and the Petitioner to submit to a DNA test in order to challenge the Petitioner as the biological daughter.

---

[1] Subsequent to filing this motion, the Intervener filed a Response to the Petitioner's Opposition to the Motion for Reconsideration. This Response contains no new information which would affect the Court's ruling on the matter presently before it.

Second, the Intervener argues that it was a conflict of interest for the Petitioner's attorney, David McClure, to represent the Petitioner in the above matter, as he previously represented the Intervener in a previous case, *Bright v. First Va. Bank*, and also assisted her in filing her application to become the administrator of Patricia Duval's estate.

The Court entered Summary Judgment on January 31, 2003, and its Final Order on October 31, 2003. The Intervener had nine months in which to challenge the DNA evidence or to request additional DNA evidence,[2] which she has failed to do. The Intervener was represented by counsel at the January 31, 2003, hearing, and he signed the order and did not note any objection to the Court's ruling. Moreover, the Intervener affirmatively acknowledged in her pleadings, including her Motion for Leave to Intervene and in her Reply of an Interested Party to the Interim Administrator's Petition for Aid and Guidance, that the Petitioner is the natural child of Patricia Duval. Therefore, the Intervener's objection, which challenges the Court's finding that the Petitioner is the natural child of Patricia Duval and the DNA evidence relied upon in reaching that finding, is without merit. The Intervener is bound by her pleadings.

Moreover, the Intervener's independent suit against First Virginia Bank was not legally or factually connected to this case. In *Bright v. First Va. Bank*, the Intervener attempted to recover damages from First Virginia Bank, as trustee, for refusing to pay for the Intervener's medical and living expenses. The record does not support the Intervener's contention that David McClure's representation of the Petitioner in this case was a conflict of interest. Rule 1:9(a) of the Virginia Rules of Professional Conduct states in relevant part:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless both the present and former client consent after consultation.

The Intervener has not shown that the matter before the Court in *Bright v. First Va. Bank* was the same or a substantially related matter as was before this Court in this case.

---

[2] The Guardian ad Litem argues that the Intervener's issue with the validity or reliability of the DNA testing is without merit as the chain of custody and identification documents submitted as part of the Petitioner's Motion for Summary Judgment indicate that the proper procedure was followed and that the probability of Patricia Duval's maternity to the Petitioner was 99.74%.

Even assuming there is a conflict of interest, the Intervener is untimely in raising these allegations. It is well established in Virginia that, "A motion for disqualification must be made when the movant learns the grounds upon which the motion is based; thereafter, the motion comes too late." *Mason v. Commonwealth*, 219 Va. 1091, 1098, 254 S.E.2d 116 (1979). In September 2002, the Intervener received notice that David McClure represented the Petitioner and did not raise any objection until after this Court entered a final judgment. Therefore, this Court will not entertain such an objection now.

The Intervener's Motion to Reconsider is hereby denied. Pursuant to Rule 1:13 of the Rules of the Supreme Court of Virginia, the signatures are waived. The Order Suspending the October 31, 2003, Final Judgment Order is vacated.

## *Order*

Whereas the Intervener filed a Motion for Reconsideration in this matter and whereas the Court has given full consideration to the Intervener's Motion, it is hereby adjudged, ordered, and decreed that the Intervener's Motion for Reconsideration is hereby denied, and it is hereby adjudged, ordered, and decreed that the Order Suspending the October 31, 2003, Final Order is hereby vacated.